## STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**JAMES WILLIAMSON,**
**Claimant Below, Petitioner**

**vs.)   No. 20-0801** (BOR Appeal No. 2055330)
                    (Claim No. 2016007477)

**PATRIOT COAL CORPORATION,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner James Williamson, by Counsel Patrick K. Maroney, appeals the decision of the West Virginia Workers' Compensation Board of Review ("Board of Review"). Patriot Coal Corporation, by Counsel Kendra Welker and Jeffrey B. Brannon, filed a timely response.

The issue on appeal is medical benefits. The claims administrator denied authorization of bilateral lumbar radiofrequency ablation on April 30, 2019. The Workers' Compensation Office of Judges ("Office of Judges") affirmed the decision in its April 23, 2020, Order. The Order was affirmed by the Board of Review on September 17, 2020.

The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

The standard of review applicable to this Court's consideration of workers' compensation appeals has been set out under W. Va. Code § 23-5-15, in relevant part, as follows:

> (b) In reviewing a decision of the board of review, the supreme court of appeals shall consider the record provided by the board and give deference to the board's findings, reasoning and conclusions.

> (c) If the decision of the board represents an affirmation of a prior ruling by both the commission and the office of judges that was entered on the same issue in

1

the same claim, the decision of the board may be reversed or modified by the Supreme Court of Appeals only if the decision is in clear violation of Constitutional or statutory provision, is clearly the result of erroneous conclusions of law, or is based upon the board's material misstatement or mischaracterization of particular components of the evidentiary record. The court may not conduct a de novo re-weighing of the evidentiary record.

*See Hammons v. W. Va. Off. of Ins. Comm'r,* 235 W. Va. 577, 582-83, 775 S.E.2d 458, 463-64 (2015). As we previously recognized in *Justice v. West Virginia Office Insurance Commission*, 230 W. Va. 80, 83, 736 S.E.2d 80, 83 (2012), we apply a de novo standard of review to questions of law arising in the context of decisions issued by the Board. *See also Davies v. W. Va. Off. of Ins. Comm'r*, 227 W. Va. 330, 334, 708 S.E.2d 524, 528 (2011).

Mr. Williamson, an electrician, injured his lumbar spine in the course of his employment on September 11, 2015, when he slipped and fell. Mr. Williamson suffered from preexisting lumbar spine conditions. An October 1, 2014, lumbar MRI showed dextroscoliosis and multilevel disc disease. There was spinal canal narrowing and disc bulging at L3-4 and L4-5. On October 1, 2014, Jason Pope, M.D., noted that Mr. Williamson was born with scoliosis and his low back pain had increased over the years with no known trauma. He was diagnosed with lumbar spondylosis and lumbar radiculopathy. A lumbar MRI performed on August 28, 2015, showed disc osteophyte complex, facet hypertrophy, facet joint effusions, foraminal stenosis, and spinal canal narrowing. A thoracic MRI showed significant dextroscoliosis and mild degenerative disc disease. A cervical MRI showed multilevel degenerative disc disease with minimal stenosis at C5-6 and C6-7. Mr. Williamson was diagnosed with chronic back pain on August 28, 2015, by David Watkins, PA-C.

Mr. Williamson completed the Employees' and Physicians' Report of Injury on September 12, 2015, and stated that the day prior, he slipped and fell, landing on his back. The diagnosis was listed as lumbar contusion, and it was noted that he had a history of scoliosis and back pain. Mr. Williamson sought treatment for the compensable injury at St. Francis Hospital, where it was noted that he had a history of back pain and scoliosis. A lumbar x-ray showed scoliosis and no acute lumbar changes. Mr. Williamson was diagnosed with a lumbar contusion. The claim was held compensable for lumbar sprain/strain and lumbar contusion on September 22, 2015.

The claims administrator authorized a lumbosacral MRI and an EMG/NCS on September 24, 2015. On September 30, 2015, a lumbar MRI showed degenerative changes, canal stenosis, and foraminal stenosis. There were no acute fractures. Mr. Williamson sought treatment from H.S. Ramesh, M.D., on October 21, 2015. Dr. Ramesh noted that Mr. Williamson's work-related back pain had reduced by about twenty percent with medications. An EMG/NCV was normal. Dr. Ramesh diagnosed persistent lumbosacral strain/sprain, bilateral sacroiliac dysfunction, lumbago, and scoliosis. Dr. Ramesh requested authorization of bilateral lumbar facet joint medial branch blocks from L3-4 to L5-S1 and lumbar facet joint injections for the diagnoses of lumbosacral strain/sprain, bilateral sacroilitis dysfunction, lumbago, and scoliosis on October 21, 2015. On October 22, 2015, the claims administrator authorized a TENS unit.

The claims administrator authorized a referral to pain management and physical therapy on November 6, 2015. A November 24, 2015, treatment note from First Settlement Physical Therapy indicates Mr. Williamson continued to have low back pain and right foot numbness. He reported that all exercise worsened his pain. On December 8, 2015, Warren Grace, M.D., noted that Mr. Williamson reported low back pain that radiated into his right leg, as well as numbness and tingling in his foot. Dr. Grace recommended sacroiliac and medial branch blocks. The claims administrator granted authorization of a medial branch nerve block on December 10, 2015. Dr. Grace administered sacroiliac joint and facet injections for the treatment of sacroilitis and lumbar spondylosis with myelopathy on December 11, 2015.

A December 16, 2015, treatment note by Natavoot Chongswatdi, M.D., indicates Mr. Williamson's active problems were lumbar sprain and sacroiliac joint dysfunction. Dr. Chongswatdi reviewed a lumbar MRI and stated that it showed degenerative changes, facet arthropathy, and scoliosis. Dr. Chongswatdi opined that Mr. Williamson's case was complicated. Mr. Williamson had preexisting scoliosis, but the compensable fall caused constant lumbar pain and radiculopathy. The claims administrator authorized physical therapy on December 17, 2015.

Dr. Grace diagnosed scoliosis, right sacroilitis, lumbar sprain, lumbar spondylosis with myelopathy, and lumbar canal stenosis on January 4, 2016. A steroid injection and a medial branch nerve block were performed. A January 23, 2016, progress note from VocWorks indicates Mr. Williamson reported that injections provided pain relief. More physical therapy was recommended to increase functioning. In a January 29, 2016, letter to VocWorks, First Settlement Physical Therapy stated that Mr. Williamson had thirty-two physical therapy sessions for lumbosacral sprain/strain. Mr. Williamson had no symptoms relief except with intermittent tractions. A home mechanical tractions unit was recommended but additional physical therapy was not. The claims administrator authorized sacroiliac joint injections on February 6, 2016.

Mr. Williamson returned to Dr. Chongswadti on February 11, 2016, and reported that he still had some pain after two lumbar facet injections, but his pain had decreased. Mr. Williamson's active problems were listed as lumbar sprain and sacroiliac joint dysfunction. The claims administrator authorized a physical therapy request by Dr. Grace on April 29, 2016. A May 14, 2016, treatment note from VocWorks indicates Mr. Williamson reported some pain relief from medial nerve branch block injections, but no relief from sacroiliac joint injections. It was noted that Mr. Williamson underwent authorized radiofrequency ablation on the right at L4-L5, and L5-S1.

Paul Bachwitt, M.D., performed an Independent Medical Evaluation on May 18, 2016, in which he noted that he previously examined Mr. Williamson on January 11, 2016, and diagnosed lumbar sprain/strain superimposed on preexisting degenerative changes and scoliosis. Dr. Bachwitt opined that Mr. Williamson had still not reached maximum medical improvement and recommended six weeks of physical therapy and radiofrequency ablation as recommended by Dr. Grace. The claims administrator authorized a left occipital nerve block on May 26, 2016.

On May 10, 2018, Dr. Chongswatdi noted that Mr. Williamson had a spinal cord stimulator placed on March 17, 2017, but he experienced pain and increased numbness, so the device was

3

removed. The diagnoses were lumbar sprain, right lumbar radiculopathy, and sacroiliac joint dysfunction. It was noted that Mr. Williamson had two medial nerve branch injections and radiofrequency ablation in 2016, which provided some improvement. Dr. Chongswatdi recommended repeat radiofrequency ablation.

Dr. Grace's treatment notes from August 31, 2018, through March 21, 2019, indicate Mr. Williamson was diagnosed with lumbar spinal stenosis with neurogenic claudication, chronic pain syndrome, sacroiliitis, and lumbar sprain. It was noted that Mr. Williamson underwent radiofrequency ablation at L5-S1, L4-5, and L3-4. On January 24, 2019, Mr. Williamson reported 50-70% reduction in pain following the procedure. On March 21, 2019, he still had pain relief. Dr. Grace stated that radiofrequency ablation needed to be repeated on both sides. The claims administrator denied authorization of a bilateral lumbar radiofrequency ablation on April 30, 2019.

David Soulsby, M.D., performed a Record Review on January 24, 2020, in which he noted that Mr. Williamson was diagnosed with osteoarthritis in 2003. In 2005, he was diagnosed with chronic back pain. In 2007, an x-ray revealed levoscoliosis and degenerative changes in the lumbar spine. Dr. Soulsby diagnosed lumbar contusion, lumbar sprain/strain, thoracolumbar degenerative disc disease, and scoliosis. Dr. Soulsby stated that radiofrequency ablation is used to treat facet joint arthropathy related to spondylosis and degenerative disc disease, neither of which are compensable nor related to the compensable injury. He opined that radiofrequency ablation was not necessary for the compensable diagnoses of lumbar contusion and lumbar sprain/strain. Dr. Soulsby stated that Mr. Williamson's preexisting, noncompensable conditions of scoliosis and degenerative disc disease are progressive conditions that are expected to worsen over time. Mr. Williamson reached maximum medical improvement for the compensable injury long ago.

The Office of Judges affirmed the claims administrator's denial of authorization of bilateral lumbar radiofrequency ablation in its April 23, 2020, Order. It found that Mr. Williamson had preexisting multilevel degenerative disc disease, spondylosis, spinal stenosis, and facet hypertrophy, as seen on MRIs. Mr. Williamson also suffered from scoliosis. For the compensable injury, Mr. Williamson has been treated with a TENS unit, pain management, physical therapy, medial branch nerve blocks, and other spinal injections. The Office of Judges found that Mr. Williamson was also treated with radiofrequency ablation in April of 2016, which improved Mr. Williamson's symptoms. Mr. Williamson underwent a second round of radiofrequency ablation in 2018, but the record is unclear if the procedures were covered. The Office of Judges determined that the treatment that Mr. Williamson was receiving was for far more conditions than the compensable lumbar contusion and lumbar sprain/strain. Dr. Soulsby opined in his January 2020 Record Review that radiofrequency ablation is used to treat facet joint arthropathy related to spondylosis and degenerative disc disease. He further opined that Mr. Williamson's compensable injury had resolved. The Office of Judges concluded that his report was reliable and supported by the medical records. It therefore affirmed the claims administrator's denial of the requested treatment. The Board of Review adopted the findings of fact and conclusions of law of the Office of Judges and affirmed its Order on September 17, 2020.

After review, we agree with the reasoning and conclusions of the Office of Judges as affirmed by the Board of Review. Pursuant to West Virginia Code § 23-4-1(a) workers'

compensation benefits shall be provided to those employees who have received personal injuries in the course of and as a result of their covered employment. West Virginia Code § 23-4-3(a)(1) provides that the claims administrator must provide medically related and reasonably required sums for healthcare services, rehabilitation services, durable medical and other goods, and other supplies. A preponderance of the evidence indicates that the requested radiofrequency ablation is not necessary or reasonably required treatment for the compensable lumbar sprain/strain and lumbar contusion.

Affirmed.

**ISSUED: March 23, 2022**

**CONCURRED IN BY:**

Chief Justice John A. Hutchison
Justice Elizabeth D. Walker
Justice Tim Armstead
Justice William R. Wooton
Justice Alan D. Moats, sitting by temporary assignment